United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEON WEBSTER, ) | No. C 01-0453 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DENYING MOTIONS FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL** |
| v. ) | |
| ) | |
| G. ORTIZ, Warden, ) | |
| ) | **(Docket Nos. 33 & 34)** |
| Respondent. ) | |
| _____ ) | |

Petitioner Frank Leon Webster, a California prisoner proceeding pro se, has filed a motion for reconsideration of the Court's order denying the above-titled petition for a writ of habeas corpus. For the reasons discussed below, the motion will be denied.

**BACKGROUND**

In 1987, petitioner filed in this court a habeas corpus petition challenging the validity of a 1985 bank robbery conviction obtained against petitioner in the Alameda County Superior Court. See Webster v. Myers, No. C 87-4949 WWS (PR). The petition was denied on the merits on April 4, 1988.

In 2001, petitioner filed the instant habeas petition, challenging the validity of a 1995 second-degree robbery conviction that also was obtained against petitioner in the Alameda County Superior Court. See Webster v. Ortiz, No. C 01-0453 MMC (PR). One of the claims petitioner raised in the petition was a challenge to his sentence, which had been enhanced by the 1985 bank robbery conviction. Petitioner claimed the 1985 conviction could not be used

to enhance the 1995 sentence because the 1985 conviction had been obtained in violation of petitioner's constitutional right to self-representation under Faretta v. California, 422 U.S. 806, 832, 835 (1975).

Relying on the United States Supreme Court's then-recent decision in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), this Court dismissed petitioner's claim sua sponte, holding as follows:

> In Lackawanna, the [Supreme] Court held that if a "conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." [Lackawanna, 532 U.S. at 404.] The only exception to the rule barring challenges to prior convictions used to enhance current sentences is that a petitioner may challenge a prior conviction on the ground that the right to the appointment of counsel for an indigent defendant under Gideon v. Wainwright, 372 U.S. 335 (1963), was denied. [Id.] Petitioner's third claim does not fall within this exception because he does not claim that he was denied his right to the appointment of counsel.[1] Petitioner's claim that his decision to exercise his right to self-representation under Faretta was not knowingly and voluntarily made is distinct from the "unique constitutional defect" of failing to appoint counsel for an indigent defendant. See Custis v. United States, 511 U.S. 485, 496 (1994) (holding exception for bringing claims under Gideon for the denial of the right to the appointment of counsel does not encompass other claims under the Sixth Amendment right to counsel, such as claims of ineffective assistance of counsel, involuntary guilty plea, and failure to advise of the right to "stipulated facts"). As a result, petitioner's third claim does not fall under the exception to the rule in Lackawanna that petitioner may not challenge the constitutionality of the 1985 prior conviction used to enhance his current sentence. Accordingly, petitioner's third claim must be dismissed.

(Order, filed July 23, 2001, at 2:10-3:1.)

In a separate order, the Court denied on the merits petitioner's one remaining claim challenging his 1995 conviction, that he had received ineffective assistance of counsel in connection with a pre-trial motion to suppress. (See Order, filed Sept. 26, 2001.)

Petitioner then filed a motion for reconsideration of the Court's denial of the petition on the merits, which motion the Court denied. (See Order, filed Jan. 25, 2002.) Additionally, petitioner sought a certificate of appealability, which both this Court and the Ninth Circuit denied. (See id. & Ninth Circuit Order, filed Sept. 19, 2002.) Thereafter, petitioner filed another motion for reconsideration of the Court's denial of the petition on the

---

[1] Indeed, petitioner was appointed counsel before he elected to proceed pro se.

1 merits, claiming false evidence of a "911" call had been introduced at his trial.  The Court
2 denied the motion, finding petitioner could have raised the claim in his original petition.
3 (See Order, filed Sept. 25, 2002.)

4       In 2002, petitioner filed another habeas corpus petition in this court, directly
5 challenging the validity of the 1985 conviction and sentence.  See Webster v. Myers, No. C
6 02-0305 MMC (PR).  In light of petitioner's 1987 petition challenging the same conviction
7 and sentence, respondent filed a motion to dismiss the petition as a second or successive
8 petition.  In opposition, petitioner argued the petition should not be dismissed because he was
9 attempting to present new claims and factual allegations not presented in the 1987 petition.
10 Specifically, petitioner asserted that prison officials had prevented him from presenting those
11 claims and factual allegations in the 1987 petition by altering that petition before it was sent
12 to the district court.  He claimed he only became aware that the 1987 petition had been
13 altered when he received a copy of the 1987 petition in conjunction with respondent's motion
14 to dismiss.

15       The Court found the 2002 petition was a second or successive petition under 28
16 U.S.C. § 2244(b)(3)(A) and, consequently, petitioner was required to obtain authorization
17 from the Ninth Circuit to file the petition in the district court.  Accordingly, the Court
18 dismissed the petition without prejudice to petitioner's refiling the petition if he obtained the
19 necessary order from the Ninth Circuit.  (See Order, filed Apr. 10, 2002.)  Petitioner
20 subsequently applied to the Ninth Circuit for authorization to file a second or successive
21 petition challenging the 1985 conviction and sentence; the Ninth Circuit denied petitioner's
22 application.  (See Pet. at 5; Ninth Circuit Order, filed Aug. 9, 2006, attached to Pet.)

23       In 2007, petitioner filed yet another habeas corpus petition in this court, again
24 attempting to challenge, as he had in his 2001 petition, the validity of the enhanced sentence
25 he received for the 1995 conviction.  (See Webster v. Hedgpeth, No. C 07-3830 MMC (PR).)
26 This time, petitioner argued that the 1995 sentence is unconstitutional because the validity of
27 the 1985 conviction used to enhance the sentence had never been properly presented to the
28 district court.  Specifically, petitioner claimed, as he had in the context of his 2002 petition,

1 that prison officials had altered the 1987 petition, resulting in the district court's denying the
2 1987 petition without having had the opportunity to rule on all of petitioner's challenges to
3 the 1985 conviction.

The Court found the 2007 petition was a second or successive petition under 28 U.S.C. § 2244(b)(3)(A) and, consequently, petitioner was required to obtain authorization from the Ninth Circuit to file the petition in the district court. Accordingly, the Court dismissed the petition without prejudice to petitioner's refiling the petition if he obtained the necessary order from the Ninth Circuit. (See Order, filed Nov. 2, 2007.)

In the instant motion for reconsideration, petitioner argues the Court should reconsider its decision to dismiss, from the 2001 petition, petitioner's claim collaterally challenging the validity of the 1985 conviction used to enhance the sentence imposed for the 1995 conviction. Specifically, he claims, as he did in his 2002 and 2007 petitions, that if the Court, when it dismissed his claim that the 1985 conviction was invalid, had been aware that prison officials had altered his 1987 petition, the Court would not have concluded his challenge to the 1995 sentence was foreclosed by Lackawanna, supra.

Additionally, petitioner seeks the appointment of counsel to assist him with the investigation of matters pertinent to his continuing attempts to re-litigate the validity of his 1995 conviction.

### DISCUSSION

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based on Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Petitioner seeks relief under Rule 60(b)(6), a "catchall provision" that applies only

4

when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005). Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotation and citation omitted). Entitlement to relief under Rule 60(b)(6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Petitioner claims the Court should reconsider its dismissal of his claim that the 1985 conviction could not be used to enhance the sentence for his 1995 conviction. As noted, the Court dismissed petitioner's attempt to collaterally challenge the validity of the 1985 conviction under Lackawanna, for the reason that petitioner was not claiming he had been denied the right to counsel with respect to that conviction, the sole exception to the rule barring challenges to prior convictions used to enhance current sentences. See Lackawanna, 532 U.S. at 404. None of the grounds asserted in the present motion for reconsideration call the Court's ruling into question. Specifically, petitioner does not allege, nor is there anything in the record to suggest, that because of the alleged alteration of his 1987 petition, the Court was precluded, at any time, from considering a viable collateral challenge to the 1985 conviction under Lackawanna. In particular, there is no showing that the alleged alteration of the 1987 petition prevented petitioner from raising a collateral challenge to the 1985 conviction on grounds of the denial of the right to counsel.

Based on the foregoing, petitioner's motions for reconsideration and for the appointment of counsel to assist him in this matter are hereby DENIED.

This order terminates Docket Nos. 33 and 34.

IT IS SO ORDERED.

DATED: April 13, 2009

MAXINE M. CHESNEY
United States District Judge

5