IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEON WEBSTER, ) | No. C 01-0453 MMC (PR) |
| Petitioner, ) | **ORDER DENYING CERTIFICATE OF APPEALABILITY AND MOTION FOR APPOINTMENT OF COUNSEL; DIRECTING CLERK TO FORWARD FILE TO NINTH CIRCUIT** |
| v. ) | |
| G. ORTIZ, Warden, ) | |
| Respondent. ) | |
| _____ ) | **(Docket No. 37)** |

Petitioner, a California prisoner proceeding pro se, has filed a notice of appeal and a request for a certificate of appealability, seeking leave to appeal the denial of petitioner's motion for reconsideration of the Court's order dismissing a claim from the above-titled petition for a writ of habeas corpus. For the reasons discussed below, the motion will be denied.

In 2001, petitioner filed the instant habeas petition, challenging the validity of a 1995 second-degree robbery conviction obtained against petitioner in the Alameda County Superior Court. One of the claims petitioner raised in the petition was a challenge to his sentence, which had been enhanced by a 1985 bank robbery conviction. Petitioner claimed the 1985 conviction could not be used to enhance the 1995 sentence because the 1985 conviction had been obtained in violation of petitioner's constitutional right to self-representation. See Faretta v. California, 422 U.S. 806, 832, 835 (1975).

The Court dismissed the claim, relying on the United States Supreme Court's decision

in <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394 (2001). Specifically, the Court ruled as followed:

> In <u>Lackawanna</u>, the [Supreme] Court held that if a "conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." [<u>Lackawanna</u>, 532 U.S. at 404.] The only exception to the rule barring challenges to prior convictions used to enhance current sentences is that a petitioner may challenge a prior conviction on the ground that the right to the appointment of counsel for an indigent defendant under <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963), was denied. [<u>Id.</u>] Petitioner's third claim does not fall within this exception because he does not claim that he was denied his right to the appointment of counsel.[1] Petitioner's claim that his decision to exercise his right to self-representation under <u>Faretta</u> was not knowingly and voluntarily made is distinct from the "unique constitutional defect" of failing to appoint counsel for an indigent defendant. <u>See</u> <u>Custis v. United States</u>, 511 U.S. 485, 496 (1994) (holding exception for bringing claims under <u>Gideon</u> for the denial of the right to the appointment of counsel does not encompass other claims under the Sixth Amendment right to counsel, such as claims of ineffective assistance of counsel, involuntary guilty plea, and failure to advise of the right to "stipulated facts"). As a result, petitioner's third claim does not fall under the exception to the rule in <u>Lackawanna</u> that petitioner may not challenge the constitutionality of the 1985 prior conviction used to enhance his current sentence. Accordingly, petitioner's third claim must be dismissed.

(Order, filed July 23, 2001, at 2:10-3:1.)

In a separate order, the Court denied on the merits petitioner's one remaining claim challenging his 1995 conviction, that he had received ineffective assistance of counsel in connection with a pre-trial motion to suppress. (<u>See</u> Order, filed Sept. 26, 2001.)

Petitioner next filed a motion for reconsideration of the Court's denial of the petition on the merits, which motion the Court denied. (<u>See</u> Order, filed Jan. 25, 2002.) Additionally, petitioner sought a certificate of appealability, which both this Court and the Ninth Circuit Court of Appeals denied. (<u>See</u> <u>id.</u> & Ninth Circuit Order, filed Sept. 19, 2002.) Thereafter, petitioner filed another motion for reconsideration of the Court's denial of the petition on the merits, claiming false evidence of a "911" call had been introduced at his trial. The Court denied the motion, finding petitioner could have raised the claim in his original petition. (<u>See</u> Order, filed Sept. 25, 2002.)

More than six years later, on October 14, 2008, petitioner filed a third motion for

---

[1] Indeed, petitioner was appointed counsel before he elected to proceed <u>pro se</u>.

2

reconsideration, in which he argued that the Court should reconsider its decision to dismiss his claim collaterally challenging the validity of the 1985 conviction used to enhance the sentence imposed for the 1995 conviction. Specifically, petitioner claimed that a petition he had filed in the Northern District in 1987, which prior petition challenged the 1985 conviction and was denied on the merits, see Webster v. Myers, No. C 87-4949 WWS (PR), had been altered by prison officials; additionally, petitioner argued, had this Court been aware of such alteration, it would not have concluded petitioner's sentence-enhancement claim was foreclosed by Lackawanna, supra.

The Court, by order filed April 13, 2009, denied the motion for reconsideration, ruling as follows:

> Petitioner claims the Court should reconsider its dismissal of his claim that the 1985 conviction could not be used to enhance the sentence for his 1995 conviction. As noted, the Court dismissed petitioner's attempt to collaterally challenge the validity of the 1985 conviction under Lackawanna, for the reason that petitioner was not claiming he had been denied the right to counsel with respect to that conviction, the sole exception to the rule barring challenges to prior convictions used to enhance current sentences. See Lackawanna, 532 U.S. at 404. None of the grounds asserted in the present motion for reconsideration call the Court's ruling into question. Specifically, petitioner does not allege, nor is there anything in the record to suggest, that because of the alleged alteration of his 1987 petition, the Court was precluded, at any time, from considering a viable collateral challenge to the 1985 conviction under Lackawanna. In particular, there is no showing that the alleged alteration of the 1987 petition prevented petitioner from raising a collateral challenge to the 1985 conviction on grounds of the denial of the right to counsel.

(Order, filed April 13, 2009, at 5:10-22.)

In the instant request for a certificate of appealability, petitioner argues the Court erred in denying reconsideration by not extending the Lackawanna exception to the circumstances alleged by petitioner, specifically, the asserted alteration by prison officials of a petition challenging a prior conviction, even where there is no showing petitioner had been prevented from challenging the prior conviction on grounds of the denial of the right to counsel.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where

3

a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The requirement that a certificate of appealability be obtained applies to appeals of rulings on motions to reconsider. See Langford v. Day, 134 F.3d 1381, 1382 (9th Cir. 1998).

For the reasons discussed in the order dismissing petitioner's sentence-enhancement claim and in the order denying the October 14, 2008 motion to reconsider, the Court concludes jurists of reason would not find the result debatable or wrong.

Accordingly, the request for a certificate of appealability is hereby DENIED, and petitioner's motion for appointment of counsel is hereby DENIED, without prejudice to petitioner's renewing both the request and the motion in the Ninth Circuit.[2]

The Clerk shall forward this order, along with the case file, to the Ninth Circuit Court of Appeals, see Fed. R. App. P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997), from which petitioner may seek an order for a certificate of appealability, see Fed. R. App. P. 22(b)(1), and any other relief appropriate for its consideration

This order terminates Docket No. 37.

IT IS SO ORDERED.

DATED: March 11, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] Petitioner has not filed a request to proceed in forma pauperis on appeal and the Court makes no determination as to whether such status should be granted.

4